**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4846**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

CLEVELAND JORDAN, JR.,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, District Judge. (2:06-cr-00033-RBS-TEM-1)

Submitted: June 11, 2009        Decided: July 9, 2009

Before TRAXLER, Chief Judge, and NIEMEYER and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Keith Loren Kimball, Assistant Federal Public Defenders, Norfolk, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, William D. Muhr, Assistant United States Attorney, Erin DeBoer, Third Year Law Student, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cleveland Jordan, Jr., pled guilty to three counts of possession of crack cocaine with intent to distribute, 21 U.S.C. § 841(a) (2006).  He previously appealed his 108-month sentence and we remanded his case for resentencing in light of Kimbrough v. United States, 128 S. Ct. 558 (2007).  On remand, the district court applied the revised guidelines applicable to crack offenses and reduced Jordan's sentence to 100 months imprisonment.  Jordan appeals his sentence, arguing that his sentence is both procedurally and substantively unreasonable. We affirm.

On remand, Jordan requested a sentence at the low end of the guideline range.  The district court reviewed the analysis it made at Jordan's first sentencing of the 18 U.S.C. § 3553(a) (2006) factors as they applied in Jordan's case.  The court noted that Jordan had a "poor criminal record," which included convictions for assault, driving with a suspended license, and possession of marijuana and cocaine, as well as many arrests on charges that were later dismissed.  The court noted that Jordan had received a deferred sentence for his prior state drug conviction, that he had committed the current three federal drug offenses within a short period of time, that he was a recidivist, and that he had not been deterred by his previous lenient treatment.

2

The court stated that it did not consider the disparity between crack and powder cocaine sentences to be a significant factor, but was more concerned with Jordan's repeated offenses. The court observed that it still believed the original 108-month sentence had been "generous," by which it explained that it meant the sentence was good for Jordan. The court added that, because "the law ha[d] changed,"[*] and Jordan was "making some progress" while in custody, it would impose a reduced sentence of 100 months imprisonment. The court stated that a sentence of 100 months would "be sufficient but not greater than necessary to comply with the purposes of [§ 3553(a)]." In a written order, the court stated that, having considered Kimbrough, the amended guidelines, and the § 3553(a) factors, "the court finds that a sentence of one hundred (100) months is appropriate and reasonable in this case."

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007). This review requires us to consider both the procedural and substantive reasonableness of the sentence. Id. at 597. In determining whether the sentence is procedurally reasonable, we must first assess whether the district court

---

[*] The amendments to the guidelines for crack offenses were revised in 2007.

properly calculated the defendant's advisory guideline range. Id. at 596-97. A sentence within a properly calculated guideline range may be afforded an appellate presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2459 (2007). We must then consider whether the district court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 128 S. Ct. at 597. Finally, we review the substantive reasonableness of the sentence, "taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

In evaluating the sentencing court's explanation of a selected sentence, we have consistently held that, while a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record, particularly when the court imposes a sentence within a properly calculated guideline range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). At the same time, the district court "must make an individualized assessment based on the facts presented." Gall, 128 S. Ct. at 597; United States v. Carter, 564 F.3d 325 (4th Cir. 2009). The reasons articulated by the district court for a given sentence need not be "couched in the precise language of § 3553(a)," so

4

long as the "reasons can be matched to a factor appropriate for consideration . . . and [are] clearly tied [to the defendant's] particular situation." United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007). Where the parties present nonfrivolous reasons for imposing a different sentence from that set forth in the advisory guideline range, the district court should address the party's arguments and explain why they were rejected. Rita, 127 S. Ct. at 2468.

Jordan maintains that the district court "paid only lip service" to the requirement in § 3553(a) that it "impose a sentence sufficient, but not greater than necessary," and instead erred by imposing a sentence that the court believed to be "'appropriate and reasonable.'" We disagree.

The sentence was within a correctly calculated guideline range, and may be afforded a presumption of reasonableness on appeal. Rita, 127 S. Ct. at 2459. Jordan argues that the district court must explain why a lower sentence would have been insufficient, and failed to do so in his case. In fact, the court explained, at the first sentencing hearing, that a sentence below the guideline range would not be sufficient because Jordan had not been deterred from continuing his criminal behavior by prior lenient sentences. On remand, Jordan requested only a sentence near the low end of the guideline range. The court explained that it would not impose a

5

sentence at the low end because the § 3553(a) factors had not changed, but the court gave him a slightly lower sentence because of the lowered guidelines for crack offenses and to credit Jordan's attempts to further his education and training while in prison. Although the district court described the sentence as "reasonable," in its written order, the court manifestly did not apply the appellate standard, which permits a presumption that a sentence within a correctly calculated guideline range is reasonable. The court instead followed the procedure set out in Gall. Therefore, the sentence is not procedurally unreasonable.

Jordan argues that his 100-month sentence is greater than necessary because he had previously received only light sentences--a total of fifteen weekends in jail--for his prior criminal convictions. However, because the district court considered the § 3553(a) factors on the record and responded to Jordan's argument for a lower sentence, we conclude that the sentence was not substantively unreasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6